REGAN, Judge.
Plaintiffs, Mr. and Mrs. Lucien Triche, instituted this suit against Anthony and Joseph Papania, owners and operators of Pap’s Food Store, and their insurer, United States Casualty Insurance Company, endeavoring to recover the sum of $100,000, representing damages for personal injuries and medical expenses incurred as the result of an accident in the course of which their seven-year-old child, Cheryl Triche, was struck on her head by a carton of merchandise which a stock boy threw or dropped thereon while the plaintiffs were walking in an aisle of the supermarket on March 24, 1954, at about 4 p. m.
The defendants answered and admitted the occurrence of the accident hut denied liability for any damages resulting therefrom and particularly the accuracy of the diagnosis of the child’s injuries; defendants asserted that there existed no negligence on the part of the stock boy, but, on the contrary, the accident resulted from the fault of the plaintiffs in permitting the child to wander unattended in the store, and in the alternative pleaded the contributory negligence of the plaintiffs and their child. The defendant Anthony Papania especially denied that he was a partner in the operation of Pap’s Food Store, and he was therefore not a proper party defendant herein.
From a judgment in favor of the plaintiffs on behalf of their minor child in the sum of $750 and in favor of her father for the sum of $10 representing the services of a physician[1] and against all the defendants, the plaintiffs have prosecuted this appeal.
The defendants answered the appeal and requested that the judgment be “affirmed, reduced, or reversed.”
Respective counsel conceded in oral argument before this court that the defendant Anthony Papania was not a proper party defendant herein and it was only through inadvertence that the trial court rendered a judgment against him.
The record reveals that on the afternoon of the accident the plaintiffs accompanied by their child, Cheryl, had gone to Pap’s Food Store to do their weekend grocery shopping. Plaintiffs testified that as they walked down one of the aisles of the store a stock boy carrying a carton of paper towels approached them and instead of placing the carton in the showcase threw the box which struck the child on the front of her head. Although the child was not knocked down nor did she lose consciousness, she *321 cried and became nervous, and during the months that followed she suffered from headaches and nausea. Plaintiffs immediately reported the accident to the manager of the store, who in turn referred them to the store’s insurers.
The defendants, on the other hand, introduced evidence which reflects that the accident did not occur in the manner described by the plaintiffs, but was the result of the child running into the stock boy, who in attempting to balance himself and the box of merchandise he was carrying struck the child’s head with his hand.
In any event, several days after the accident, Mrs. Triche accompanied by her child visited the offices of Dr. John A. Colclough, a neuro-surgeon. He, after consultation, sent them to Drs. Brierre, Hunt & Landry for X rays, Dr. Colclough’s conclusion after an analysis of the pictures was that there was no evidence of neurological injury and that the child had not incurred any permanent disability as a result of the accident.
Dr. Norman S. Hunt, radiologist, testified that the X rays developed by his office on March 29, 1954, showed evidence of a stellate fracture of the right side of the frontal bone and that the X rays made on March 16, 1956, reveal that the fracture line is almost completely obliterated, indicating healing of the fracture.
Drs. Meyer D. Teitelbaum, Buel Charles Bechtel, and Joseph N. Ane, radiologists, appeared on behalf of the defendants and testified that the X rays taken by Dr. Hunt do not show any fracture. Dr. Teitelbaum also testified that the X rays made by him in November of 1954 likewise do not reveal any fracture.
Dr. Howard Carr, a neurologist, also appeared on behalf of the defendants and testified that his examination of the child on November 2, 1954, failed to reveal any neurological disability as a result of her injury.
The trial judge obviously accepted the plaintiffs’ version of the manner in which the accident occurred, and we agree with this conclusion. Therefore, the only question posed for our consideration is what if any injuries resulted from the accident ? The medical testimony, as related hereinabove, is as usual quite conflicting. However, the trial court likewise resolved the expert testimony in favor of the plaintiffs and concluded that the child as a result of the accident incurred a stellate fracture of the right side of the frontal bone. We have carefully analyzed the medical testimony together with the innumerable X-ray pictures taken of the child’s skull, and as a consequence thereof we also believe that the evidence preponderates in favor of the conclusion that the accident caused the child to sustain a mild fracture of the skull.
The record to some extent reveals that Cheryl prior to the. accident did not enjoy the good health that most children of her age are heir to, and therefore her suffering after the accident was probably more intense than would normally be experienced by a more robust child.
The judge of the lower court awarded for the child’s injuries the sum of $750; we are of the opinion, in view of what we have said, that the award should be increased to the sum of $1,000.
For the reasons assigned, the judgment appealed from is reversed insofar as the defendant Anthony Papania is affected thereby, and it is amended so as to dismiss the suit as to the defendant Anthony Papan-ia and to increase the award to plaintiffs from $750 to the sum of $1,000 insofar as the judgment runs against Joseph Papania and his insurer, United States Casualty Insurance Company, and in all other respects the judgment is affirmed.
Reversed in part, amended and affirmed in part.
JANVIER, J., absent, takes no part.

. All other medical bills were paid by defendant’s insurers.